# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HCA HEALTHCARE, INC. <br><br> Plaintiff, <br><br> v. <br><br> MERRICK GARLAND, in his official capacity as ATTORNEY GENERAL OF THE UNITED STATES, <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> FEDERAL TRADE COMMISSION, <br><br> and <br><br> UNITED STATES OF AMERICA, <br><br> Defendants | CIVIL ACTION <br> No. 23-01311 |

## LOUISIANA'S ORIGINAL PETITION OF INTERVENTION

The State of Louisiana, appearing through Attorney General Jeff Landry, respectfully sets forth the factual and legal basis of its right to intervene herein as Plaintiff-Intervenor, as follows:

### INTRODUCTION

1.

This action seeks a declaratory judgment that the Hart-Scott-Rodino Antitrust Improvements Act ("HSR Antitrust Act") does not apply to transactions that are immune from federal antitrust laws under the doctrine of state action immunity. A

declaratory judgment is needed to vindicate an important policy choice of the State of Louisiana concerning the health care services available to its citizens.

2.

**PARTIES**

Plaintiff-Intervenor State of Louisiana ("State"), through Attorney General Jeff Landry and the Louisiana Department of Justice ("LADOJ"), has direct supervision and control over the implementation of cooperative agreements, mergers, joint ventures, and consolidations among healthcare facilities for which a Certificate of Public Advantage ("COPA") is granted. La. R.S. 40:2254.1, *et seq*. Moreover, the Attorney General is the chief legal officer of the State of Louisiana charged with the assertion and protection of the rights and interests of the State, its taxpayers and citizens. La. Const. art. IV, § 8. The Attorney General has a sworn duty to uphold the Constitution and laws of this State. The Attorney General also serves as executive head and chief administrative officer of the LADOJ. La. Const. art. IV, § 8.

3.

Plaintiff Louisiana HCA Healthcare, Inc. ("HCA") is a healthcare provider network. Prior to the acquisition, Tulane University Medical Center, Lakeview Regional Medical Center, and Tulane Lakeside Hospital were affiliated with HCA. HCA Healthcare, Inc.'s principal place of business is Oak Park Plaza, Nashville, TN, 37202.

4.

Defendant Merrick Garland is the Attorney General of the United States. He is sued in his official capacity.

5.

Co-Defendant United States Department of Justice is an Executive Department of the United States.

6.

Co-Defendant Federal Trade Commission ("FTC") is an administrative agency of the United States government, established by the FTC Act, 15, U.S.C. §§ 41-58, with its principal offices at 600 Pennsylvania Avenue, N.W., Washington D.C. 20580

7.

Co-Defendant is the United States of America.

## CERTIFICATES OF PUBLIC ADVANTAGE

8.

Louisiana has, to the benefit of its citizens, chosen to regulate the issuance of a Certificate of Public Advantage ("COPA") in accordance with and in furtherance of the articulated state interest set forth at La. R.S. 40:2254.1.

9.

Louisiana's goal of authorizing COPA's is to control health care costs and improve the quality of and access to health care, which the State acknowledges will be significantly enhanced in some cases by cooperative agreements and by mergers and consolidations among health care facilities. La. R.S. 40:2254.1.

10.

The purpose of Louisiana's regulatory scheme is to provide the State, through the LADOJ, with direct supervision and control over the implementation of cooperative agreements, mergers, joint ventures, and consolidations among health care facilities for which a COPA is granted. La. R.S. 40:2254.1.

11.

The State also intended for LADOJ's supervision and control over these agreements, mergers, joint ventures, and consolidations substitute state regulation of facilities for competition between facilities and that this regulation have the effect of granting the parties to the agreements, mergers, joint ventures, or consolidations state action immunity for actions that might otherwise be considered to be in violation of state antitrust laws, federal antitrust laws, or both. La. R.S. 40:2254.1

12.

The process for approving a COPA requires voluminous submissions by applicants, consultation with experts, notice to the public, input from a wide range of stakeholders, a public hearing, and consideration by State officials. Only applications that clearly benefit the public are approved

13.

Parties to a cooperative agreement, merger, joint venture, or consolidation may apply to the LADOJ for a COPA. La. R.S. 40:2254.4.

14.

The LADOJ shall publish notice of the COPA application, allow for public comment, and hold a public hearing before acting upon a COPA application. La. R.S. 40:2254.4.

15.

The LADOJ may not issue a COPA unless it finds that the agreement is likely to result in lower health care costs or is likely to result in improved access to health care or higher quality health care without any undue increase in health care costs. La. R.S. 40:2254.4.

16.

The LADOJ shall deny the application for a COPA or issue a COPA within ninety days after receipt of a completed application or within one ninety-day extension, which may be granted by the LADOJ upon a showing of good cause by the applicants. If the LADOJ does not issue a COPA within that time, the application is considered to have been denied. La. R.S. 40:2254.4.

17.

A COPA may be issued subject to terms and conditions, as the LADOJ may determine are appropriate, in order to best achieve lower health care costs or greater access to or quality of health care. La. R.S. 40:2254.4.

18.

Any amendment to a cooperative, merger, joint venture, or consolidation agreement and any material change in the operations or conduct of any party to a

cooperative, merger, joint venture, or consolidation agreement shall be considered to be a new agreement and shall not take effect or occur until the LADOJ has issued a new certificate of public advantage approving the amendment or change.  La. R.S. 40:2254.4.

## COPA APPLICATION SUBMITTED BY LCMC AND HCA

19.

The LADOJ received an application for a COPA regarding a proposed transaction between HCA Healthcare, Inc. ("HCA"), Tulane University ("Tulane"), University Healthcare System, L.C. ("UHS"), and LCMC Health on October 10, 2022.

20.

The LADOJ required supplementation of the application before deeming the application complete on November 18, 2022.  Once the application was deemed complete, it triggered the time period set forth in the law by which the Attorney General provided notice to the public, requested public comment, held a public hearing, and made a determination on the application.

21.

Notice of the pending COPA application, instructions to provide public comment relative to the proposed acquisition, and notice of a public hearing in connection with the COPA was timely published in the St. Tammany Farmer. The notice first ran on November 24, 2022.  It also ran on November 30, 2022. (Exhibits 1, 2, 3, and 4)

22.

Notice of the pending COPA application, instructions to provide public comment relative to the proposed acquisition, and notice of the hearing in connection with the COPA was timely published in the Times- Picayune/The New Orleans Advocate.  The notice ran in in the Times Picayune/The New Orleans Advocate on November 21, 22, and 23, 2022. (Exhibits 5 and 6)

23.

Notice of the hearing on the COPA application was posted on the LADOJ website on December 5, 2022 at  https://agjefflandry.com/Article/13095 . (Exhibit 7)

24.

Notice of the hearing on the COPA application was also posted at the Claiborne Building 1201 N. 3rd St., Baton Rouge, Louisiana on December 5, 2022. (Exhibit 8)

25.

Written comments were submitted to the LADOJ in advance of the public hearing.

26.

A public hearing on the COPA application was held on December 8, 2022. All interested persons were allowed to present testimony, facts or evidence related to the COPA application, and permitted to ask questions.

27.

At the public hearing, the Director of the Civil Division of the Department of Justice announced that she would continue to accept comments through Tuesday, December 13, 2022.

28.

The FTC did not provide any public comment or express concerns or issues with the COPA application.

29.

On December 28, 2022, in response to the comprehensive application submitted by LCMC and HCA, and following the public notice-and-comment period and a public hearing, the State Attorney General issued a COPA authorizing the acquisition and adopting a set of terms and conditions establishing active supervision of the acquisition by the Attorney General and the LADOJ. (See Exhibit 9 and 10)

30.

In issuing the COPA, the State of Louisiana expressly and unequivocally adopted a State policy authorizing the acquisition and removing it from regulation under the antitrust laws.

31.

The State found that the agreement is likely to result in lower health care costs or is likely to result in improved access to health care or higher quality health care without an undue increase of health care costs. La. R.S. 40:2254.4.

32.

The COPA expressly provides for Louisiana's active supervision of the acquisition's implementation and the subsequent operations of the merged entity.

33.

The Louisiana COPA statute itself provides for active supervision of the acquisition and the subsequent operations of the merged entity by permitting the State Attorney General to enforce the terms of the COPA, La. R.S. 40:2254.10, and via the annual reporting requirements for the merged entity subject to the COPA, La. R.S. 40:2254.11. Additionally, the LADOJ has authority to revoke the COPA. La. R.S. 40:2254.6.

34.

On January 1, 2023, the parties to the acquisition closed the transaction. Since then, LCMC has been integrating the UHS Hospitals and physician clinics into its heath care network to deliver on the promised benefits for the people of Louisiana.

35.

The first round of reports, post approval of the COPA, are due to the LADOJ within a few weeks pursuant to the terms and conditions issued by the Attorney General.

36.

Upon information and belief, despite Louisiana's express authorization and supervision of the acquisition, and the applicability of state action immunity, the FTC

has ordered LCMC to halt the acquisition, submit notice of the acquisition under the HSR Antitrust Act, and pay a filing fee.

37.

The FTC's action is interfering with the State's right to implement and actively supervise the COPA.

## STATE ACTION IMMUNITY DOCTRINE

38.

The Supreme Court has made clear that where private parties are actively supervised in carrying out a clearly articulated anticompetitive policy of the State, they are treated as the State for purposes of state action immunity. *FTC v. Ticor Title Ins. Co.*, 504 U.S. 621, 635 (1992) (the private anticompetitive conduct is the "State's own").

39.

For the doctrine to apply, the State must have clearly articulated and affirmatively expressed as State policy the alleged restraint on competition, and must actively supervise the anticompetitive act. Here, the Louisiana COPA statute and the COPA concerning the acquisition does just that. *See* La. R.S. 40:2254.1 *et seq*.

40.

This doctrine is grounded in constitutional principles of federalism, in accordance with the "dual system of government in which, under the Constitution, the states are sovereign, save only as Congress may constitutionally subtract from their authority." *Parker v. Brown*, 317 U.S. 341 at 351 (1943).

41.

Despite issuance of the COPA, which is expressly intended to grant and does grant state action immunity from liability under the antitrust laws, the FTC is unlawfully attempting to force LCMC and HCA to submit a notification of the Acquisition and observe a waiting period pursuant to the HSR Antitrust Act and to pay the HSR Filing fee.

42.

The FTC's actions constitute a significant violation of federal law and Louisiana's sovereignty.

## STANDARD FOR INTERVENTION

43.

Federal Rules of Civil Procedure Rule 24(a) (1) gives an intervention of right to any party who "is given an unconditional right to intervene by a federal statute." Under Rule 24 "[a] party seeking to intervene as of right must satisfy four requirements: (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit."

B*rumfield v. Dodd*, 749 F.3d at 341 (5th Cir. 2014) (citation omitted). The State satisfies each of these elements.

44.

This intervention motion is timely. The Complaint was filed on April 20, 2023, the deadline for responsive pleadings has not yet passed, and no meaningful case events have occurred. As a result, "timeliness is not at issue." *Brumfield*, 749 F.3d at 342; *see also Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (finding that delays of "only 37 and 47 days . . . are not unreasonable"); *Ross,* 426 F.3d at 755 (permitting post-judgment intervention); *United States v. Virginia,* 282 F.R.D. 403, 405 (E.D. Va. 2012) ("Where a case has not progressed beyond the initial pleading stage, a motion to intervene is timely."); *Mullins v. De Soto Securities Co.*, 3 F.R.D. 432, 433 (W.D. La. 1944) (finding motion to intervene timely during the initial pleading stage).

45.

The State "has a 'direct, substantial, legally protectable interest in the proceedings.'" *Edwards*, 78 F.3d at 1004 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). "

46.

The State found that the goals of controlling health care costs and improving the quality of and access to health care will be significantly enhanced in some cases by these COPA applications.

47.

The State determined that LCMC and Tulane exceeded the statutory burden of proof required to issue a COPA.

48.

The merger will enhance competition, lead to greater access to health care, result in higher quality health care, and will likely not result in undue increases to costs.

49.

The agreement guarantees ongoing active state supervision to ensure fair prices for consumers. What's more: it will provide a world-class medical education program for both medical students and nursing students, at a time when the State and the Nation are faced with a nursing shortage.

50.

Without intervention, the disposition of this case will impair the State of Louisiana's ability to protect its interests, and it will impair and impede the Attorney General from carrying out his constitutional duties to defend and uphold the laws of the State of Louisiana, including actively supervising the COPA.

51.

The State's interests are inadequately represented by the existing parties to the suit. The Attorney General has an interest in defending the injury to the State that would result if the State is prevented from implementing its COPA statutes.

52.

The State has unique sovereign interests not shared by the other parties. Any proposed judgment or federal oversight would have future consequences for the State and necessarily involve the State's sovereign interests.

53.

Alternatively, the Attorney General fulfills the requirements for permissive intervention. Federal Rule of Civil Procedure 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b) (3).

54.

Permissive intervention under Rule 24(b) "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). Intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *See Frazier v. Wireline Solutions, LLC*, 2010 WL 2352058, at *4

(S.D. Tex. June 10, 2010) (citation omitted); *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. 126, 131 (S.D. Tex. 2005).

55.

As discussed above, the intervention is timely; the State's claims or defense and the main action have a question of law or fact in common; and the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties. Moreover, the State's intervention will facilitate an equitable result. The State can provide a crucial perspective on the important issues implicated by the Complaint. This case has significant implications; therefore, it is essential that all arguments related to the continued viability of the COPA and the approved acquisition receive full attention.

WHEREFORE, the State of Louisiana respectfully prays for the following relief:

I. An appearance for the State of Louisiana be entered in this matter;

II. A declaration, order, and judgment holding that the parties to the acquisition, including LCMC and HCA, are not obligated to submit an HSR Filing concerning the acquisition or to pay a related filing fee as defined at 16 C.F.R. § 803.9;

III. A declaration, order, and judgment holding that the parties to the acquisition, including LCMC and HCA, are not subject to any fine or penalty under 15 U.S.C. § 18a(g)(1) or any other antitrust law in connection with the acquisition;

IV. Award any further relief that the Court may deem proper in law or equity.

Dated: April 23, 2023

                                                Respectfully Submitted,

                                                Jeff Landry
Louisiana Attorney General

*/s/ Angelique Duhon Freel*
Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Terrence J. Donahue, Jr. (LSBA No. 32126)
ASSISTANT ATTORNEYS GENERAL
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
freela@ag.louisiana.gov
jonescar@ag.louisiana.gov
donahuet@ag.louisiana.gov

**CERTIFICATE PURSUANT TO LR 7.6**

I do hereby certify that, on the 21st day of April 2023, undersigned counsel reached out to counsel for plaintiffs and defendants in this matter and obtained consent for the filing the State's intervention. Counsel for the United States

Defendants noted that they have not yet been served with the Plaintiff's Complaint and they do not waive service of the original complaint.

*/s/ Angelique Duhon Freel*
Angelique Duhon Freel

**CERTIFICATE OF SERVICE**

I do hereby certify that, on this 23rd day of April 2023, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record. And the United States Defendants were served via email through counsel of record, Suzanne Morris at Suzanne.Morris@usdoj.gov

*/s/ Angelique Duhon Freel*
Angelique Duhon Freel